[598 NYS2d 541]

In the Matter of LEE BOSTIC (Admitted as LEE HAROLD BOSTIC), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 1, 1993

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Khadijah Muhammad-Starling* of counsel), for petitioner.

*Ginsberg Katsorkis & Fedrizzi,* Flushing *(Jerome Ginsberg* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with seven allegations of professional misconduct. The Special Referee sustained all seven charges. The petitioner moves to confirm the report of the Special Referee. The respondent cross-moves to (1) disaffirm the report of the Special Referee, (2) refer the matter back to the Special Referee to take additional testimony on the mental and physical capacity of the respondent, and (3) refer the matter to Supreme Court, Queens County, for assignment of a court-appointed physician to review the medical history of the respondent and report to this Court.

Charge One alleges that the respondent failed to safeguard client funds entrusted to him. In or about April 1980 the respondent represented a client in the sale of real property. The respondent's client took back a purchase-money mortgage in the amount of $10,000. The respondent agreed to receive the monthly mortgage payments from the purchaser and to hold them for his client. The respondent failed to deposit the bulk of the funds entrusted to him into an escrow account. The respondent also failed to keep a record of the moneys received from the purchaser and of any moneys released to his client. By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (6) and DR 9-102, in effect prior to September 1, 1990.

Charge Two alleges that the respondent has failed to maintain required bookkeeping records for his escrow account, thereby violating Code of Professional Responsibility DR 9-102, in effect prior to September 1, 1990, and 22 NYCRR 691.12.

Charge Three alleges that the respondent engaged in an impermissible conflict of interest. The respondent represented a client in his sale of real property. The closing was held on or about October 12, 1988. Thereafter, in or about December 1988, the respondent's client agreed to invest $10,000 from the sale proceeds with Servidor Cantine Corporation (hereinafter Servidor) for the renovation of a property located at 604 Bradford Street in Brooklyn. At a meeting at the respondent's office, Servidor guaranteed the respondent's client a 100% return on his investment and gave him a second mortgage on

the property in question. To effectuate the transaction, the respondent prepared the mortgage and bond notwithstanding the fact that Servidor did not have title to the property. At the time the respondent prepared the mortgage, Servidor was engaged in negotiations for the purchase of the Brooklyn property from individuals who were being represented by the respondent's law office. The respondent received fees from both his client and Servidor for his services. By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (4), (5) and (6), and DR 5-105, in effect prior to September 1, 1990.

Charges Four, Five, and Seven allege that the respondent neglected legal matters entrusted to him in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (6) and DR 6-101 (A) (3).

Charge Six alleges that the respondent neglected a legal matter and failed to promptly release funds to his client in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (6), DR 6-101 (A) (3) and DR 9-102 (B) (4).

We have reviewed all the evidence and find that the Special Referee properly sustained all seven charges of misconduct. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted. The respondent's cross motion is denied.

In determining an appropriate measure of discipline to impose, we have considered the mitigation advanced by the respondent and the affirmation of the respondent's physician regarding the respondent's medical condition during the time of the misconduct. We also note that the respondent has no history of prior discipline. Upon consideration of all the factors, it is the decision of this Court that the respondent be suspended from the practice of law for a period of one year.

BRACKEN, J. P., BALLETTA, ROSENBLATT, MILLER and RITTER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the report of the Special Referee is denied; and it is further,

Ordered that the respondent Lee Bostic, is suspended from the practice of law for a period of one year, commencing July 1, 1993, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year

period upon furnishing satisfactory proof that (a) during that time he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Lee Bostic, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.